**Petition for NATURALIZATION OF Carlos Jaime MARTINEZ.**

No. 412993.

United States District Court
N. D. Illinois, E. D.

Feb. 13, 1962.

Anthony Petrone, Naturalization Examiner, for Dept. of Immigration and Naturalization.

Nathan Notkin, Chicago, Ill., for petitioner.

LA BUY, District Judge.

After careful consideration of the evidence and exhibits I find that the petitioner is eligible for naturalization by virtue of Section 329 of the Immigration and Nationality Act (8 U.S.C.A. § 1440) as amended by Section 8 of the Act of September 26, 1961 (75 Stat. 654) in accordance with the attached Findings of Fact and Conclusions of Law submitted by the Designated Naturalization Examiner, which I now adopt as Findings of Fact and Conclusions of Law of this Court.

The petition for naturalization is granted. Judgment accordingly.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION OF DESIGNATED NATURALIZATION EXAMINER

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.

1. The undersigned, duly designated under the Immigration and Nationality Act to conduct preliminary examinations upon petitions for naturalization, respectfully submits that the above-named petitioner, a native of the United States of America and now a national of Mexico, age 32 years, who has been present in the United States continuously since December 25, 1954, at which time he was ordered excluded and paroled into the United States, filed a petition for naturalization, numbered above, [No. 412993] on November 13, 1961 under Section 329(a) of the Immigration and Nationality Act, as amended by Section 8 of the Act of September 26, 1961 (75 Stat. 654) (8 U.S.C.A. § 1440).

The question presented is whether the petitioner is "in the United States" as contemplated in Section 329(a) of the Immigration and Nationality Act, as amended by Section 8 of the Act of September 26, 1961 (75 Stat. 654) (8 U.S.C.A. § 1440).

2. On November 13, 1961 following the filing of the petition for naturalization, the petitioner and his verifying witnesses were accorded a preliminary examination (Exhibit 1), and from that, together with the court records the following facts were adduced: that the petitioner was born April 12, 1929 in Chicago, Illinois and he remained in the United States until some time early in February of 1951. On January 23, 1951 he received a notice from the Selective Service System to report for induction on February 15, 1951. On February 15, 1951 the petitioner did not so report for induction as directed, and, in fact, was then in Mexico City, Mexico.

On July 19, 1954 the petitioner voluntarily expatriated himself by making a formal declaration of allegiance to Mexico (Exhibit 2) and received a Certificate of Mexican Nationality (Exhibit 3). Subsequently the United States Department of State issued a Certificate of the Loss of the Nationality of the United States (Exhibit 4), stating that as a consequence of the acts set forth above that the petitioner expatriated himself under the provisions of Section 349(a) (2) of the Immigration and Nationality Act (8 U.S.C.A. § 1481).

Petitioner was paroled into the United States on December 25, 1954 after a special inquiry officer found him excludable as a person who had departed from the United States to avoid training or service in the armed forces. Upon parole he was offered the choice of being prosecuted for draft evasion or serving in the armed forces. He accepted the latter choice and was inducted into the United States Army in Chicago, Illinois on March 4, 1955 and served honorably on active duty until February 21, 1957 (Exhibit 5). He was never prosecuted criminally.

Following his discharge he was directed to depart under an order of exclusion. He filed an action seeking judicial review of the exclusion order. The appeal was decided adversely to him by the United States District Court, Northern Division of Illinois (Exhibit 6). The petitioner appealed the adverse court decision to the United States Circuit Court, Seventh Circuit. While the appeal was pending, Congress on September 26, 1961, amended Section 329(a) of the Immigration and Nationality Act (8 U.S.C.A. § 1440), broadening it in scope to include those veterans who served honorably from June 25, 1950 to July 1, 1955. On October 27, 1961 the United States Court of Appeals for the Seventh Circuit entered an order (Exhibit 7) holding the appeal in abeyance to allow the petitioner to file a petition for naturalization.

3. The petition herein was filed November 13, 1961 under Section 329(a) of the Immigration and Nationality Act (8 U.S.C.A. § 1440), as amended by Section 8 of the Act of September 26, 1961, (75 Stat. 654), which provides in part as follows:

Section 329. "(a) Any person who, while an alien or a noncitizen national of the United States, has served honorably in an active-duty status in the military, air, or naval forces of the United States during either World War I or during a period beginning September 1, 1939, and ending December 31, 1946, or during a period beginning June 25, 1950, and ending July 1, 1955, and who, if separated from such service, was separated under honorable conditions, may be naturalized as provided in this section if (1) at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, America Samoa, or Swains Island, whether or not he has been lawfully admitted to the United States for permanent residence * * *."

Subject's military service from March 4, 1955 to February 21, 1957 brings him within the provisions of Section 329(a) of the Immigration and Nationality Act, as amended by Section 8 of the Act of September 26, 1961 (8 U.S.C.A. § 1440) insofar as concerns the time when the service was rendered. The absence of a lawful admission for permanent residence is no disqualification under Section 329(a) as amended (8 U.S.C.A. § 1440) since persons inducted in the United States are exempt from such requirement.

The only question remaining is whether he was "in the United States" within the meaning of Section 329(a) as amended (8 U.S.C.A. § 1440) at the time of induction.

When the subject was inducted he had the status of an excluded alien, paroled into the United States pursuant to the authority of Section 212(d) (5) (8 U.S.C.A. § 1182) of the Immigration and Nationality Act. In contemplation of law he had been stopped at the border, and had neither entered or been admitted to the United States. But, insofar as the facts applicable to his case are concerned neither an entry nor admission in any category is a prerequisite under Section 329 (a), as amended, of the Immigration and Nationality Act (8 U.S.C.A. § 1440). It is enough that he was in this country when inducted. It is considered that he was.

Section 329 of the Immigration and Nationality Act (8 U.S.C.A. § 1440) merely carried forward the provisions of the Nationality Act of 1940 relating to the naturalization of those who served honorably during World War I or World War II. The legislative history and context of those and current provisions show that a lawful entry or admission under the Immigration Laws was not contemplated and that the requirement was satisfied by mere physical presence in the United States. This becomes abundantly

clear from the fact that Section 329 of the Immigration and Nationality Act (8 U.S.C.A. § 1440) extends its bounty even to veterans who had never been in the United States; viz., those who were inducted in the Canal Zone, America Samoa or Swains Island.

This requirement is therefore readily distinguishable from the provision in Section 243(h) of the Immigration and Nationality Act (8 U.S.C.A. § 1253) requiring an applicant thereunder to be "within the United States," or the provision in a statute requiring a person to be "dwelling in the United States," as a prerequisite to deriving citizenship both of which requirements had been held not to have been met by parolees. It is the Service position that a person inducted while physically present in the United States as a parolee has been inducted in the United States within the meaning of Section 329(a) of the Immigration and Nationality Act, as amended (8 U.S.C.A. § 1440).

Pursuant to Section 335(a) of the Immigration and Nationality Act (8 U.S.C.A. § 1446) a personal investigation of the petitioner was conducted in the vicinity where the petitioner maintained his actual place of abode and in the vicinity in which the petitioner has been employed or has been engaged in business or work. Such investigation failed to reveal any derogatory information other than that set forth above.

4. Pursuant to the provisions of Section 335 of the Immigration and Nationality Act (8 U.S.C.A. § 1446) I hereby make the following findings of fact and conclusions of law.

FINDINGS OF FACT:

(a) That the petitioner is an alien who filed a petition for naturalization on November 13, 1961;

(b) That the petitioner departed from the United States to avoid or evade military service;

(c) That the petitioner received a Certificate of Mexican Nationality on July 19, 1954 and made a formal declaration of allegiance to Mexico on said date;

(d) That on December 25, 1954 the petitioner was paroled into the United States after a special inquiry officer found him excludable for the reasons set forth in (b) above;

(e) That the petitioner served honorably in the United States Army from March 4, 1955 to February 21, 1957 having entered such service at Chicago, Illinois.

CONCLUSIONS OF LAW:

(a) That the petitioner, even though a parolee, was in the United States within the meaning of Section 329(a) of the Immigration and Nationality Act, as amended (8 U.S.C.A. § 1440);

(b) That the petitioner is eligible for naturalization under the provisions of Section 329(a) of the Immigration and Nationality Act, as amended, (8 U.S.C.A. § 1440);

5. I RECOMMEND, THEREFORE, that this Petition for Naturalization be GRANTED and that all of the facts as hereinabove set forth be presented to this court.

RESPECTFULLY SUBMITTED
/s/ MELVIN E. STEIN
Designated Naturalization Examiner